IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH,<br><br>                Plaintiff,<br><br>v.<br><br>HAROLD OTTO BRYSON,<br><br>                Defendant. | **REPORT AND RECOMMENDATION RE: MOTION TO TRANSFER STATE CRIMINAL CASE (ECF NO. 1)**<br><br>Case No. 2:15-mc-00890-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

      Defendant Harold O. Bryson moves the Court pursuant to 28 U.S.C. § 1455 to remove his Utah state criminal prosecution for stalking, a second degree felony. (Notice of Removal & Aff. for Process, Pleadings, and Orders ("Notice") 1, ECF No. 1.) In the state case, the State of Utah alleges that on May 13, 2014, Mr. Bryson intentionally or knowingly violated a stalking injunction by sending a package to Kelleye Potter. (Domestic Violence Information, ECF No. 1-1.) Mr. Bryson now alleges that he "cannot enforce in the State of Utah the right to an Impartial Judge, cannot enforce right to compulsory process, cannot enforce the right to confront witness in front of Jury, to present a defense (Right to present a defense.)." (Notice 1, ECF No. 1.) Having reviewed Mr. Bryson's Notice of Removal, the undersigned RECOMMENDS the Court summarily remand the action because Mr. Bryson did not file his Notice of Removal on time and because the Court lacks a statutory basis to exercise jurisdiction over Mr. Bryson's case.

## DISCUSSION

      28 U.S.C. § 1455 sets out the procedure for removing state criminal prosecutions. Defendants seeking to remove their criminal proceeding must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a). The

1

district court shall then determine whether the notice clearly lacks an adequate basis for removal and "make an order for summary remand" if it does.  28 U.S.C. § 1455(b)(4).

I.      **Mr. Bryson Failed to File His Notice of Removal in a Timely Manner.**

28 U.S.C. § 1455 provides:  "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier."  28 U.S.C. § 1455(b)(1).  The term "arraignment" refers to "the state procedure by which the defendant first enters a plea to the criminal charge."  14C Charles Alan Wright, Arthur R. Miller, & Joan E. Steinman, FED. PRACTICE. & PROC. JURIS. § 3731 n.6 (4th ed. 2015) (relating to 28 U.S.C. § 1446 and citing 1977 U.S. Code Cong. & Admin. News 536).[1]  Mr. Bryson pled not guilty to stalking on June 1, 2015, and had a two-day jury trial on April 5-6, 2016.  (*Utah v. Bryson*, No. 141906571, Docket Sheet, at Attachment A.)  Thus, Mr. Bryson had until July 1, 2015 to file his Notice of Removal.  Because Mr. Bryson did not file his Notice of Removal until December 16, 2015, § 1455(b)(1) bars it as untimely.  *See New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1350 (D. N.M. 2006) (holding the failure to file notice of removal within § 1446(c)(1)'s (§ 1455's predecessor statute) thirty-day deadline a sufficient basis for remand); *Iowa v. Johnson*, 976 F. Supp. 812, 815 (N.D. Iowa 1997) (same).  Section 1455 further provides that "for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."  28 U.S.C. §

---

[1] On December 7, 2011, President Obama signed into law the Federal Court Jurisdiction and Venue Clarification Act of 2011.  Pub. L. No. 112-63, 125 Stat. 758 (2011); *Lucero v. Ortiz*, —F. Supp. 3d —, No. Civ. 15-0155 JB/WPL, 2015 WL 10383064, at *5 n.3 (D. N.M. Oct. 31, 2015). Section 103 of the Act amended 28 U.S.C. § 1446 to cover removal procedures for civil cases only and moved the provisions governing removal of criminal prosecutions to 28 U.S.C. § 1455. Federal Courts Jurisdiction & Venue Clarification Act § 103; *Lucero*, 2015 WL 10383064, at *5 n.3.

1455(b)(1). Mr. Bryson fails to articulate any good cause for filing his Notice of Removal more than five months late.

## II.   No Jurisdictional Basis Supports Mr. Bryson's Removal Attempt.

In addition to failing to file his Notice of Removal in a timely manner, Mr. Bryson fails to state a jurisdictional basis for his removal attempt. While Mr. Bryson invokes § 1455 for federal jurisdiction (Notice 1, ECF No. 1), § 1455 "is a procedural statute setting out the rules that govern the mechanics of the removal process" and "confers no substantive right of removal." *Massachusetts v. Azubuko*, 616 F. Supp. 2d 174, 176 (D. Mass. 2009) (interpreting § 1455's predecessor statute § 1446). However, because Mr. Bryson proceeds *pro se*, the undersigned will examine the possible statutes that could allow the Court to exercise jurisdiction over Mr. Bryson's case. *See Gutierrez*, 409 F. Supp. 2d at 1348 (analyzing whether § 1443 allows these *pro se* defendants to remove their criminal case despite their failure to invoke a substantive removal statute).

Mr. Bryson would have to rely on § 1442, § 1442a, or § 1443 to state a jurisdictional basis for this Court to hear a state criminal proceeding. *Azubuko*, 616 F. Supp. 2d at 176-77; *Johnson*, 976 F. Supp. at 816. Section 1442 provides that defendants in a state criminal proceeding "against or directed to" the United States or any agencies or officers thereof may remove the case to federal court. 28 U.S.C. § 1442(a). Mr. Bryson does not allege he is an officer of the United States; therefore, § 1442 does not apply.

Section 1442a allows "a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war" to remove a civil or criminal prosecution against him to federal court. 28 U.S.C. §

1442a. Mr. Bryson does not allege he is a member of the armed forces; thus, § 1442a does not apply either.

Section 1443(1) allows a defendant in a criminal action "who is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States" to remove the action to federal court. 28 U.S.C. § 1443(1). Removal under § 1443(1) must satisfy a strict two-pronged test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the right allegedly denied must "arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, the defendant must lack the capability to enforce the specified federal rights in the courts of that state. *Id.* Mr. Bryson's removal attempt fails because none of his allegations involve racial discrimination. Thus, § 1443(1) does not apply.

Lastly, § 1443(2) allows a defendant to remove a criminal action stemming from "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). However, this provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Again, Mr. Bryson does not allege he is a federal officer or agent or authorized to act with or for them; hence, § 1443(2) does not apply either. Therefore, no statutory basis exists for the Court to exercise jurisdiction over Mr. Bryson's state criminal proceeding.

## RECOMMENDATION

Because Mr. Bryson fails to provide good cause for filing his Notice of Removal more than five months late and because the Court lacks subject-matter jurisdiction over Mr. Bryson's

state criminal proceeding, the undersigned RECOMMENDS the Court summarily remand the action pursuant to § 1455(b)(4).  This Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 19th day of August, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge